# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN ELONZO WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00226-TWP-MG |
| ) | |
| STATE OF INDIANA, ) | |
| OFFICE OF THE PROSECUTING ATTORNEY: ) | |
| CHILD SUPPORT ENFORCEMENT VIGO ) | |
| COUNTY COURT, ) | |
| VIGO COUNTY CIRCUIT COURT: JUVENILE ) | |
| DIVISION, ) | |
| VIGO COUNTY SHERIFF'S OFFICE Official ) | |
| Capacity, ) | |
| TERRY MODESITT Prosecutor, Official ) | |
| capacity, ) | |
| MEGAN N RAMSEY Deputy Prosecutor, ) | |
| Individual and Official agent of MEGAN N ILIFF, ) | |
| and AMANDA THOMPSON Deputy Prosecutor, ) | |
| Individual and Official, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendants the State of Indiana, Office of the Prosecuting Attorney: Child Support Enforcement Vigo County Court, the Vigo County Circuit Court: Juvenile Division, Vigo County Sheriff's Office ("Sheriff's Office"), Terry Modesitt ("Modesitt"), Megan N. Ramsey ("Ramsey"), and Amanda Thompson ("Thompson") (collectively, "Defendants"). (Filing No. 25.) *Pro se* Plaintiff Brian Elonzo Ward ("Ward") initiated this case against Defendants alleging violations of his civil and constitutional rights, as well as the Servicemembers Civil Relief Act ("SCRA"), from a state court paternity proceeding. For the reasons discussed below, the Court **grants** the Defendants' Motion for Judgment on the Pleadings.

## I. BACKGROUND

The following statement of facts is taken from the factual allegations in the Amended Complaint (Dkt. 3) and, as required in evaluating a motion under Federal Rule of Civil Procedure 12(c), the facts are presented in the light most favorable to the Ward, the nonmovant. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Ward is *pro se*, therefore his Amended Complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Additionally, because his claims involve proceedings in Indiana state court, this Court may "take judicial notice of matters of public record without converting [this motion] . . . into a motion for summary judgment." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *see also Guar. Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008) ("court is of course entitled to take judicial notice of judicial proceedings").

On September 20, 2013, a petition to establish paternity was filed in the Circuit Court of Vigo County, Indiana. (Dkt. 25-1 at 1.) The allegations in that case, Cause Number 84C01-1309-JP-1000 ("the Paternity Case"), were that Ward was the biological father of a minor child born out of wedlock. *Id.* A previous paternity case involving Ward and the same minor child had been initiated in 2012 but was later dismissed without prejudice. (Dkt. 3 at 5; Dkt. 25-1 at 13.) On January 24, 2014, Ward was served with a subpoena by the Sheriff's Office, and an attorney appeared on his behalf on January 31, 2014. (Dkt. 25-1 at 1.)

Prior to being served the subpoena, Ward alleges that Defendants Modesitt, Ramsey, and Thompson submitted documentation to certify that Ward had been "properly served and his military status verified which allowed the court to enter a 'failure to appear.'" (Dkt. 3 at 5.) This "failure to appear" entry, according to Ward, caused the issuance of the subpoena that was eventually served on Ward while he was on active duty. *Id.* Ward asserts that after the Sheriff's

Office was informed of his active duty status by military leadership, he was followed until he completed his work day and served the subpoena. *Id.* Ward, attended the Paternity Case hearings under the "false premise" that if he did not, he would be arrested. *Id.* At this same time, the Sheriff's Office began making telephone calls to Ward's superiors "defaming" his character and causing the military to review his eligibility to maintain his security clearance. *Id.*

In June 2014, Ward discovered the previous "failure to appear" entry for the first time and fired his counsel. *Id.* After seeking advice from an unidentified Judge Advocate General, Ward learned that his civil rights, constitutional rights, and rights under the SCRA were being violated. *Id.* Ward notified the court, and the judge issued a *nunc pro tunc* order. *Id.* As he proceeded with these allegations, Ward was threatened with contempt charges; however, on August 15, 2014, Ward filed a motion to dismiss the Paternity Case. (Dkt. 3 at 5; Dkt. 25-1 at 10.) In his motion to dismiss, Ward argued that the Paternity Case should be dismissed due to violations of his constitutional and civil rights, as well as violations of the SCRA. (Dkt. 25-1 at 10.) The state court judge denied Ward's motion on August 29, 2014. *Id.* at 13. In that same order, the court also found that Ward was the biological father of the minor child and ordered weekly support obligations. *Id.* at 14.

On September 17, 2014, Ward filed a motion to terminate the Paternity Case in the state court action. (Dkt. 25-1 at 17.) In this motion, Ward made the same allegations included in his previous motion to dismiss, including complaints that two child support orders had been sent to the military to garnish his wages and that this was done "without proper notification, information and due process, i.e. a hearing." *Id.* Ward argued that the prosecutors submitted false affidavits and he accused the Defendants of violating his constitutional rights and racial discrimination. *Id.* The state court parties responded on September 22, 2014, asserting that all of Ward's claims had

3

been previously heard by the court, but also advising that his claims were "more properly addressed on an appeal or in a Court with proper jurisdiction over any alleged civil claims." *Id.* at 20. The state court never ruled on the motion, and Ward never filed an appeal. *Id.* at 1-3.

Instead, on February 5, 2022, Ward filed an Amended Complaint with this Court alleging that while on active duty, the Defendants allowed multiple income withholding orders to be submitted against him and hearings took place without verifying his status and without Ward being properly served. ([Dkt. 3 at 5](#).) Through his Amended Complaint, Ward seeks injunctive relief from the garnishment of his wages and tax liens, as well as compensatory damages based on his allegations of fraudulent proceedings in the Paternity Case, which deprived him of his due process rights and violated the SCRA. *Id.* at 5-6. After the Defendants answered the Amended Complaint, they filed the instant Motion for Judgment on the Pleadings on May 25, 2022. ([Filing No. 25](#).)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for summary judgment on the pleadings." In evaluating a motion brought under Rule 12(c), the court applies the same standards as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The parties moving for judgment on the pleadings must clearly demonstrate "that there are no material issues of fact to be resolved . . . ." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). "As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party." *Federated Mutual Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

## III.    DISCUSSION

In their Motion, the Defendants have presented several reasons why Ward's Amended Complaint should be dismissed: (1) none of the Defendants are a "person" subject to suit, and all are entitled to Eleventh Amendment immunity; (2) the *Rooker-Feldman* doctrine prevents this Court from exercising subject-matter jurisdiction; (3) *Younger* abstention bars Ward's claims; (4) the individual prosecutors are protected by absolute prosecutorial immunity; (5) the statute of limitations has expired; (6) issue preclusion; and (7) Ward failed to adequately plead his claims. ([Dkt. 26 at 4-5](#).) Because Defendants have raised a subject-matter jurisdiction argument, the Court must first address that claim before proceeding with Defendants' remaining arguments. *See Norfolk S. Ry. Co. v. Guthrie*, 233 F.3d 532 (7th Cir. 2000) ("Article III jurisdiction . . . is an antecedent question of every case.").

Subject-matter jurisdiction refers to "prescriptions delineating the classes of cases … falling within a court's adjudicatory authority." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Federal courts are courts of limited jurisdiction. *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 701-02 (1982). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendants argue that the *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction over Ward's claims. ([Dkt. 26 at 6-8](#).) The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how

5

erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Defendants assert that Ward's Amended Complaint seeks review of the state court's findings in the Paternity Case. (Dkt. 26 at 7.) They argue that Ward essentially seeks to set aside the resolution of the Paternity Case where he failed to appeal the decision to the state appellate courts. *Id*. Defendants contend that Ward's alleged injuries come directly from the Paternity Case as he seeks relief from the garnishment damages, and removal of liens caused by the garnishment. *Id*. While he did respond to Defendants' Motion, Ward did not address Defendants' *Rooker-Feldman* arguments. (Dkt. 32.)

The Court agrees with the Defendants. A review of the state court docket shows that Ward is reasserting many of the claims that were made in the Paternity Case. To the extent Ward asks this Court to review and reverse the ruling of the state court, this Court does not have the jurisdiction to do so. Likewise, Ward's remaining claims related to garnishment and tax liens, while not directly addressed in his state court motion to dismiss, are clearly "inextricably intertwined" with the decisions made in the Paternity Case. This Court has no jurisdiction to decide these claims and cannot allow Ward to proceed. Thus, the Court does not need to address Defendants' remaining arguments and the Motion for Judgment on the Pleadings is **granted**.

### IV.     CONCLUSION

For the foregoing reasons, Defendants the State of Indiana, Office of the Prosecuting Attorney: Child Support Enforcement Vigo County Court, the Vigo County Circuit Court: Juvenile Division, Vigo County Sheriff's Office, Terry Modesitt, Megan N. Ramsey, and Amanda Thompson's Motion for Judgment on the Pleadings (Dkt. [25]) is **GRANTED.** All other pending

motions are **DENIED as moot** including Plaintiff's Motion for Emergency Injunctive Relief (Dkt. 19). Plaintiff Brian Elonzo Ward's Amended Complaint (Dkt. 3) is **DISMISSED with prejudice**, given that any amendment would be futile, and final judgment will issue under a separate order.

    **SO ORDERED**.

Date:   8/4/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian Elonzo Ward
5900 Barclay Drive, 151324
Alexandria, Virginia 22315

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL'S OFFICE
Erica.Sawyer@atg.in.gov